IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT L. OLLIE, JR.,**<br><br>           Petitioner,<br><br>v.<br><br>**JOHN BARWICK, Warden, and ILLINOIS DEPARTMENT OF CORRECTIONS,**<br><br>           Respondents. | Case No. 23-CV-00392-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Following a jury trial in Jackson County, Illinois, Petitioner Robert L. Ollie, Jr. was convicted of aggravated battery with a firearm, aggravated discharge of a firearm, and unlawful use of weapons by a felon. (Doc. 13, p. 1). He was sentenced to a term of imprisonment for twenty-one years. (*Id.*) He is currently in the custody of the Illinois Department of Corrections at the Vienna Correctional Center.

He brings this petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 13). Ollie seeks an evidentiary hearing and reversal of his conviction and sentence on ten grounds (Doc. 13, pp. 8-27). Ollie purports that he has presented all grounds for relief to the highest state court having jurisdiction. (Doc. 13, p. 28).[1] He appends to the first, second, fourth, fifth, eighth, and tenth grounds the claim that the Circuit Court's decision (1) had a result that was clearly contrary to, or involved an unreasonable application of, clearly established federal law and (2) was based on an

---

[1] Leave to appeal was denied by the Illinois Supreme Court on November 2, 2022. (Doc. 13, p. 11).

unreasonable determination of the facts in light of the evidence presented in the state court proceeding. (Doc. 13, pp. 8, 10, 14, 22, 26). These ten grounds are now before this Court:

1. Ollie must receive a new trial on the charges of aggravated battery and aggravated discharge of a firearm because the jury gravely misunderstood an instruction concerning those charges and the trial court failed to act to eliminate the misunderstanding. (Doc. 13, p. 8).

2. The trial court abused its discretion by not instructing the jury on self-defense when it was required to. (Doc. 13, p. 10).

3. Ollie received ineffective assistance of trial counsel due to counsel's failure to request Jury Instruction IPI 24.25.06 when it was required to be given. (Doc. 13, p. 12).

4. Ollie received ineffective assistance of appellate counsel when counsel failed to raise the ineffectiveness of trial counsel on direct review. (Doc. 13, p. 14).

5. The trial court abused its discretion by imposing an increased sentence despite the charging instrument not listing great bodily harm as an element of the crime. (Doc. 13, p. 16).

6. Ollie received ineffective assistance of counsel where trial counsel failed to inform him that he faced mandatory consecutive sentences if convicted. (Doc. 13, p. 18).

7. Ollie received ineffective assistance of appellate counsel due to the failure of counsel to raise the giving of a jury instruction over the defense's objection on direct appeal. (Doc. 13, p. 20).

8. The trial court abused its discretion when sentencing Ollie to consecutive rather than concurrent sentences because it failed to consider that his actions were part of a single course of conduct where there was no substantial change in the nature of the criminal objective. (Doc. 13, p. 22).

9. The trial court abused its discretion in refusing to respond to Ollie's right to bear arms in self-defense as protected by the Second Amendment. (Doc. 13, p. 24).

10. Ollie's conviction must be reconsidered due to *District of Columbia v. Heller* and *McDonald v. City of Chicago* holding that there is an individual right to bear arms in self-defense. (Doc. 13, p. 26). [2]

---

[2] Ollie argues that, even if state laws may permissibly restrict ex-felon's use of weapons, those laws cannot restrict use of arms in pursuit of self-defense. Ollie's theory appears to be that self-defensive use of a firearm—even where normally illegal—becomes permissible because the use of arms for self-

**RELEVANT FACTS AND PROCEDURAL HISTORY**

In February 2009, the State of Illinois charged Ollie with two counts of second-degree murder relating to James Banner's death (counts I-II); aggravated battery with a firearm relating to the shooting of Bobby Green (count III); aggravated discharge of a firearm relating to the shooting of Bobby Green, Amy Wieland, Kyle Hayes, Robin Boyd, and James Banner (count IV); and unlawful use of a weapon by a felon (count V). A jury returned a verdict which found Ollie not guilty on counts I and II and guilty on counts III-V after trial in January 2010. (Doc. 13, pp. 1-2). The Illinois Circuit Court of Jackson County ("circuit court" or "trial court") sentenced Ollie in April 2010, handing down a sentence of fifteen years for count III along with six and five years on counts IV and V, respectively. (Doc. 13, pp. 1-2). Because Green suffered severe bodily injury, the trial court ordered counts III and IV to run consecutively while count V would run concurrently. Ollie received a total sentence of twenty-one years. (Doc. 13, p. 1); *People v. Ollie*, 2022 Ill. App. (5th) 100219-U, ¶ 2.

**A.    Ollie's Direct Appeal**

Ollie appealed the conviction on the grounds that the circuit court had given an erroneous instruction with respect to his self-defense claims. (Doc. 13, p. 2). At trial, Ollie's counsel objected that People's Instruction No. 23 was duplicative of People's Instruction No. 22 and would confuse the jury.[3] *People v. Ollie*, 2022 Ill. App.

---

defense has a superseding lawfulness enveloping even felons when they are under attack. (Doc. 13, p. 24).

[3] People's Instruction No. 22 addressed self-defense in the case of an initial aggressor's use of force and was based on Illinois Pattern Instruction 24-25.09 (Illinois Pattern Jury Instructions, Criminal, No. 2425.09 (4th ed. Supp. 2009)). People's Instruction No. 23 addressed the success of a self-defense claim when a person is committing or attempting to commit or escaping from a crime was based on Illinois

(5th) 160282-U, ¶ 5. The circuit court overruled the objection and denied Ollie's motion to reconsider. *Id*. at ¶ 6. During deliberation, the jury sent a note to the judge suggesting they were confused about Jury Instruction No. 23. *Id*. at ¶ 7. Neither party objected to the judge's refusal to give the jury any additional information, and the jury came to a verdict soon after. *Id*. Ollie moved for a new trial primarily based on the jury instruction issue, which the trial court denied. *Id*. at ¶ 8. In January 2012, the Fifth Appellate District of Illinois affirmed Ollie's conviction. (Doc. 13., p. 2); *Ollie*, 2022 Ill. App. (5th) 100219-U. In May 2012, the Illinois Supreme Court denied leave to appeal. *People v. Ollie*, 968 N.E.2d 1070 (2012).

### B.  Ollie's First Post-Conviction Relief Petition

Ollie filed for post-conviction relief on a *pro se* petition and requested an evidentiary hearing in July 2012. (Doc. 13, p. 3). After a series of different counsels' appointment and withdrawal, Ollie filed a First Amended Petition in October 2015. The Amended Petition added five additional bases for relief:

1. Trial counsel provided ineffective assistance by failing to request Jury Instruction No.24-25.06A be given as part of the instructions for aggravated discharge of a firearm.
2. The trial court erred by failing to give Jury Instruction No.24-25.06A.
3. Trial counsel provided ineffective assistance by failing to properly impeach a witness regarding a cooperation agreement.
4. Trial counsel provided ineffective assistance by failing to admonish defendant that he would have to serve consecutive sentences if convicted.
5. Appellate counsel provided ineffective assistance by failing to raise the issue relating to People's Instruction No.23 during defendant's direct appeal.

*Ollie*, 2022 Ill. App. (5th) 160282-U, ¶ 12.

---

Pattern Instruction 24-25.10 (Illinois Pattern Jury Instructions, Criminal, No. 24-25.10A (4th ed. Supp. 2009)).

In May 2016, Ollie's counsel filed a Second Amended Petition adding two further issues: The direct appeal counsel did not provide effective assistance by failing to (6) raise the issue of ineffective trial counsel assistance on direct appeal, and (7) include as an issue on direct appeal the omission Jury Instruction No. 24-25.06A as part of the instruction for aggravated discharge of a firearm. *Ollie*, 2022 Ill. App. (5th) 160282-U, ¶ 13.

Following a third-stage evidentiary hearing on June 20, 2016, the trial court denied the petition. *Ollie*, 2022 Ill. App. (5th) 160282-U, ¶¶ 14-15.[4] The trial court dismissed the first five issues because the direct appeal should have raised those issues.[5] *Id.* at ¶ 15. The court denied the issues it had not dismissed—whether trial and appellate counsel were ineffective for failing to advise Ollie that he would receive consecutive sentences if convicted—because neither claim had any basis in the law. *Id.*

In June 2016, Ollie filed a pro se appeal of the circuit court's denial of post-conviction relief. *Ollie*, 2022 Ill. App. (5th) 160282-U, ¶ 16. On appeal, Ollie argued that he received ineffective assistance of trial counsel due to the failure to request a different jury instruction and the failure to advise Ollie of consecutive sentencing. *Id.* at ¶ 18. He also argued that he received ineffective assistance of appellate counsel by failing to raise the jury instruction issue on appeal. *Id.* Ollie argued that the trial court erred on three grounds: (1) it erroneously gave the wrong instruction on self-

---

[4] Ollie's Petition for Writ of Habeus Corpus under 28 U.S.C. § 2254 lists this date as June 16, 2016. This Court uses the date provided by the Illinois appellate court. (Doc. 13, p. 4).
[5] The Amended Petition seemed to have replaced rather than appended its claims to the original petition because the Fifth District does not address the first eight claims Ollie raised in his initial pleading.

defense concerning an aggravated discharge of a firearm charge[6]; (2) it abused its discretion in finding great bodily harm because great bodily harm is not an element of the aggravated battery offense; and (3) it erred in not considering a single course of conduct under the One-Act-One-Crime Doctrine when it imposed a consecutive sentence. *Id*.

The Fifth District denied the first claim of error regarding jury instruction because nothing in evidence suggested a self-defense claim given that Ollie was the initial aggressor. *Ollie*, 2022 Ill. App. (5th) 160282-U, ¶ 25. The Fifth District denied the second claim of error regarding great bodily harm because the direct appeal did not raise the issue. *See id*. at ¶ 31. The third claim failed for the same reason. *See id* at ¶ 42.

The court held that there was no ineffective assistance of trial counsel regarding the requested jury instructions because the performance was not so deficient as to be objectively incompetent under prevailing legal norms—especially given the strong presumption of a sound trial strategy. *See id*. at ¶ 28. There was no ineffective appellate counsel because the underlying issue was not meritorious and did not unfairly prejudice Ollie. *See id*. at ¶ 29. The theory of ineffective assistance of counsel due to failure to advise Ollie on consecutive sentences failed because direct appeal had not raised the issue and because the evidence at the hearing did not

---

[6] Ollie claimed plain error. *Ollie*, 2022 Ill. App. (5th) 160282-U, ¶ 21.

support that knowledge of the consecutive sentences would have affected Ollie's decision to go to trial. *See id.* at ¶ 33-34.

The Fifth District Appellate Court of Illinois rejected all of Ollie's post-conviction relief claims in March 2022. *Ollie*, 2022 Ill. App. (5th) 160282-U, ¶ 1. Ollie's Petition for a Rehearing was denied on April 15, 2022. (Doc. 13, p. 11). The Illinois Supreme Court denied Ollie's Petition for Leave to Appeal on May 30, 2022. *Ollie*, 968 N.E.2d 1070 (Ill. 2012).

### C.  Ollie's Second Post-Conviction Relief Petition

On May 21, 2010, Ollie filed a *pro se* Petition for Post-Conviction Relief and raised thirteen issues. *People v. Ollie*, 2022 Ill. App. (5th) 170449-U, ¶ 5. The first five issues addressed the admission of ballistics evidence. *Id.* Three other issues addressed the question of self-defense, including whether jury instructions were properly issued, whether an initial aggressor has a right to self-defense, and the right to self-defense in the context of a dwelling. *Id.* In the other issues, Ollie argued that erroneous statements in the prosecutor's closing arguments denied him a fair trial; testimony from Ollie's witnesses contradicted the Government's witnesses' testimony; the failure to give his preferred jury instruction on self-defense was an abuse of discretion; and both a trial objection and a written motion had properly raised the issue of People's Instruction No. 23 and, therefore, Illinois courts should not have dismissed the issue. *Id.*

After the appointment and withdrawal of counsel, Ollie moved to add a successive pleading for post-conviction relief in September 2017. (Doc. 13, p. 4); *Ollie*, 2022 Ill. App. (5th) 170449-U, ¶ 6. First, Ollie argued that the trial court abused its

discretion in disregarding the One-Act-One-Crime Doctrine, which provides that courts should vacate the less serious offense arising from the same act. *See Ollie*, Ill. App. (5th) 170449-U, ¶ 6. Under this theory, it was the court's failure to consider this doctrine that led it to erroneously hand down a consecutive rather than concurrent sentence—especially given that aggravated battery with a firearm and accidental discharge of a firearm were part of the same course of conduct. *Id.* at ¶ 6; (Doc. 13, p. 4). Ollie also argued that severe bodily injury was not an element of aggravated battery with a firearm. *Ollie*, 2022 Ill. App. (5th) 170449-U, ¶ 6; (Doc. 13, p. 4).

Finally, Ollie argued that elements of his conviction and sentencing violated his Second Amendment rights. Namely, the practice of elevating specified felonies to a Class X Offense merely because of the presence of a firearm violates an individual's right to bear arms; the trial court abused its discretion in refusing to instruct the jury on self-defense that properly accounted for (1) *Heller's* holding that state statutes violate the Second Amendment when they prohibit possession and maintenance of handguns at home for use in self-defense and (2) *McDonald's* holding that the Fourteenth Amendment incorporates the Second Amendment and applies to the states. *Ollie*, 2022 Ill. App. (5th) 170449-U, ¶¶ 6; (Doc. 13, p. 4); *see District of*

*Columbia v. Heller*, 554 U.S. 570 (2008); *see also McDonald v. City of Chicago*, 561 U.S. 742 (2010).[7]

After a further appointment and withdrawal of counsel, the trial court denied Ollie's motion for leave to add a successive pleading for post-conviction relief on October 30, 2017. *Ollie*, 2022 Ill. App. (5th) 170449-U, ¶¶ 7.[8] That court ruled that all of Ollie's arguments related to the One-Act-One-Crime Doctrine failed because he had not raised the issue in his previous post-conviction relief appeal and could not point to objective factors that impeded his ability to raise the issue on that initial relief appeal. *Id.* That court rejected Ollie's argument about including severe bodily injury in the charging instrument for the same reason. *Id.* The trial court denied the self-defense claims for error because Ollie should have addressed those claims at trial or on direct appeal. *Id.* The same court rejected all of Ollie's constitutional claims as a conflation of the extant right to keep and bear arms with a delusive right to cause injury using those arms. *Id.*

Ollie appealed the trial court's denial of his Second Post-Conviction Relief Petition on November 9, 2017. *Id.* at ¶ 8. Ollie alleged substantially the same errors in his appeal and added that it was error for the trial court not to consider his constitutional arguments. *Id.* at ¶ 10. The Fifth District Appellate Court denied Ollie's appeal on March 17, 2022. *See id.* at ¶ 1. The Fifth District followed the trial court in holding that it would not examine the One-Act-One-Crime Doctrine because

---

[7] Ollie characterizes *Heller's* approval of laws making illegal an ex-felon's owning or use of a firearm as *dicta* and, in any case, inapplicable in a scenario of self-defense. *Ollie*, 2022 Ill. App. (5th) 170449-U, ¶ 6.
[8] That court also seems to have stricken Ollie's pro se pleadings filed after June 2016 but before the November 2017 pleadings. (Doc. 13-1, p. 51).

the direct appeal or the initial post-conviction proceeding should have raised the issue. *See id.* ¶¶ 15-16. The "great bodily injury" charging instruction claim for error was rejected for the same reason. *Id.* at ¶ 17. The Fifth District further held that it was unclear whether Ollie's claim on this account would have succeeded as a *substantial* violation of his constitutional rights even if Ollie had included it in the original post-conviction proceeding. *Id.* at ¶ 20. The Fifth District also clarified that normal consecutive sentencing does not trigger *Apprendi* concerns about procedural safeguards for above-statutory maximum criminal penalties. *See id.* at ¶¶ 18-20; *see also Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *People v. Carney*, 196 Ill. 2d 518, 536 (2001); *People v. Harris*, 203 Ill. 2d 111 (2003). Finally, that court held that Ollie was simply incorrect to claim that great bodily injury must be a required element of a Class X or Class 1 felony for *consecutive* sentencing to be appropriate. *Ollie*, 2022 Ill. App. (5th) 170449-U, ¶ 20.

The Fifth District then addressed Ollie's Second Amendment claims. The Fifth District denied these claims because (1) neither direct appeal nor initial post-conviction proceedings raised the issue; (2) Heller specifically exempts laws addressing felons and the mentally ill from its holding; and (3) the argument was futile because Ollie never made a claim of self-defense respecting his unlawful possession of weapons and as a result, there could be no prejudice. *See id* at ¶¶ 21-22. The Illinois Supreme Court denied Ollie's Petition for Leave to Appeal in

September 2022, and issued its mandate to the appellate court on November 2, 2022. (Doc. 13, p. 11).

### D. Federal Habeas Proceedings

On February 8, 2023, Ollie filed the instant Petition for a Writ of Habeas Corpus raising Claims 1-4. (Doc. 1). An amended Petition was filed on July 18, 2023, adding Claims 5-10. (Doc. 13). Ollie alleges that he did not raise Claim 2-7 on direct appeal because he received ineffective assistance of appellate counsel. (Doc. 13, pp. 10, 12, 14, 16, 18, 20). He further alleges that Claims 8-10 were not raised in the state courts because of postconviction counsel's *Finley* motion preventing a record from being developed. (*Id.* at 22, 24, 26).

## LEGAL STANDARD

This Petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act, known as the AEDPA. "The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Habeas is *not* merely another round of appellate review. 28 U.S.C. § 2254(d) restricts habeas relief to cases where the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.*

A judgment is "contrary to" Supreme Court precedent if the state court "contradicts the governing law set forth in [Supreme Court] cases." *Coleman v. Hardy,* 690 F.3d 811, 814 (7th Cir. 2012) (citing *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). A state court decision is an "unreasonable application of" clearly established federal law if the state court "identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Coleman*, 690 F.3d at 814 (quoting *Williams*, 529 U.S. at 407).

Federal habeas review serves as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring)). The Supreme Court has repeatedly emphasized that the Section 2254(d) standard "is intentionally 'difficult to meet.'" *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (quoting *White v. Woodall*, 572 U.S. 415, 419 (2014), and *Metrish v. Lancaster*, 569 U.S. 351, 358 (2013)).

In addition to the requirement for timely filing under the AEDPA, a habeas petitioner must clear two procedural hurdles before the Court may reach the merits of his habeas corpus petition: exhaustion of remedies and procedural default. *See Bolton v. Akpore*, 730 F.3d 685, 694-696 (7th Cir. 2013). Before seeking habeas relief, a petitioner is required to bring his claim(s) through "one complete round of the State's established appellate review process" because "the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal

courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also* 28 U.S.C. § 2254(c). Under the Illinois two-tiered appeals process, petitioners such as Ollie must fully present their claims not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review in cases such as this one. *See Id.*

If a petitioner has pursued his state-court remedies to exhaustion, the claims may nevertheless be barred by procedural default. *See Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). "[W]hen the habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed, the petitioner has procedurally defaulted that claim." *Id.* A fairly presented claim "must place before the state court both the controlling law and the operative facts in a manner such that the state court was sufficiently alerted to the federal constitutional nature of the issue to permit it to re-solve the issue on that basis." *Hicks v. Hepp*, 871 F.3d 513, 530 (7th Cir. 2017) (internal quotation marks omitted). A petitioner may be excused from procedural default only "if the petitioner can show both cause for and prejudice from the default or can demonstrate that the district court's failure to consider the claim would result in a fundamental miscarriage of justice." *Bolton*, 730 F.3d at 696.

A claim of ineffective assistance of counsel is governed by *Strickland v. Washington*, 466 U.S. 668 (1984). A defendant alleging ineffective assistance of counsel must show that 1) counsel's performance was deficient and 2) that the deficient performance prejudiced the defense. 466 U.S. at 687. Performance is

deficient when it is shown that counsel made errors so serious that it was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id.* Prejudice is shown when the deficient performance makes the result of the trial unreliable. *Id.* There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Minnick v. Winkleski*, 15 F.4th 460, 468 (7th Cir. 2021). A finding that either prong of the *Strickland* test is not met is sufficient to deny the claim. *Dunn v. Jess*, 981 F.3d 582, 591 (7th Cir. 2020)

## ANALYSIS

Based on his Petition, Ollie appears to have properly exhausted his state court remedies on only certain claims in his grounds in the Petition for Writ of Habeas Corpus. Ollie has properly exhausted the state court remedies for his second, third, fourth, sixth, and seventh grounds of his petition. Ollie's first, fifth, eighth, ninth, and tenth claims are not exhausted, making this a mixed Petition of exhausted and unexhausted claims.

A federal court presented with a mixed petition of exhausted and unexhausted claims may choose to dismiss the petition without prejudice to allow the state court process to continue or allow the petitioner to amend the petition to remove the unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). Alternatively, a court may choose to adjudicate the entire petition on the merits in cases where, as here, the court denies all claims on the merits. 28 U.S.C. § 2254(b)(2); *See also Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004) (holding that a federal district

court faced with a petition containing both exhausted and unexhausted claims may deny it on the merits or dismiss it without prejudice).

    **A.    Claim 1 is Denied because the Decision to not Answer the Jury's Question was not Contrary to or an Unreasonable Application of any Clearly Established Federal Law.**

Ollie alleges that the failure of the trial court to clarify the jury's confusion regarding its instructions deprived him of his right to a fairly deliberated verdict. The Court has been unable to find any case from the Supreme Court which decides whether the trial judge is required to answer all questions presented by the jury. The Illinois Appellate Court therefore did not act contrary to clearly established federal law when deciding that the trial judge had the discretion to decline to answer the question posed by the jury. *See Carey v. Musladin*, 549 U.S. 70, 77 (2006) (holding that state court decision cannot be contrary to clearly established federal law when there is no holding of the Supreme Court on the issue).

    **B.    Claim 2 is Denied because Ollie was not Entitled to a Jury Instruction on Self-Defense.**

Ollie alleges that the trial court's failure to instruct the jury regarding self-defense regarding the aggravated discharge of a firearm charge violated his right to present a complete defense at trial. The Illinois Appellate Court denied Ollie's claim on the grounds that there was no evidence presented at trial that showed Ollie had acted in self-defense when firing his firearm. *Ollie*, 2022 IL App (5th) 160282-U, ¶ 25. Ollie testified at trial that he did not fire his weapon as alleged in the charging document. *Id*. There was no reason for the court to instruct the jury on something Ollie claimed did not happen. Therefore, the trial court did not commit constitutional

error when refusing to instruct the jury on self-defense when Ollie's own testimony stated there was no factual basis for it. *See Armstrong v. Bertrand*, 336 F.3d 620, 626 (7th Cir. 2003) (holding that a trial court is not required to give a jury instruction when there is no factual basis to do so).

### C. Claims 3, 4, 6, and 7 are Denied because the State Court Decision was not Contrary to or an Unreasonable Application of *Strickland v. Washington*

Claim 3 alleges ineffective assistance of counsel for failing to request a jury instruction on self-defense. As explained above, based on Ollie's testimony there was no factual basis upon which trial counsel could have requested a jury instruction on self-defense. There is therefore no prejudice because there is not a reasonable likelihood the result would have been different had the instruction been requested or if the issue was preserved for appeal. *See Strickland*, 466 U.S. 687, 698 (1984). The Illinois Appellate Court's decision was therefore not an unreasonable application of *Strickland*.

Claim 6 alleges that trial counsel was constitutionally ineffective for not informing Ollie that he faced mandatory consecutive sentences if convicted. This decision is alleged to have caused Ollie to go to trial where he otherwise may have pleaded guilty pursuant to an agreement with the State. The Illinois Appellate Court held that Ollie failed to show that he was prejudiced by his attorney's inaction and denied relief on this claim. *Ollie*, 2022 IL App (5th) 160282-U, ¶¶ 34-35. Ollie testified at the evidentiary hearing that he would have considered pleading guilty if he had known of the mandatory sentencing rules. *Id.* at ¶ 35. However, he also testified that he would never have pleaded guilty to the aggravated discharge of a firearm charge

because he maintained his innocence. *Id.* Further, the sentence Ollie received following his trial was less than the sentence purportedly offered by the State prior to trial. *Id.* Based on these facts, the decision of the Illinois Appellate Court is not a misapplication of *Strickland* because the holding that Ollie was not prejudiced was not unreasonable.

Claim 7 alleges that appellate counsel was constitutionally ineffective for failing to raise the issue of an allegedly improper jury instruction on direct appeal. The Illinois courts held that Ollie did not show prejudice from the decision because there was no reasonable probability of success had the claim been brought. *Ollie*, 2022 IL App (5th) 160282-U, ¶ 40. Ollie's correspondence with appellate counsel showed that counsel made a strategic choice not to raise that ground on appeal because it did not fit with his theme for the case and he thought it was without merit. *Id.* at ¶ 37. Ollie therefore did not receive deficient performance from appellate counsel so the Illinois Appellate Court did not misapply *Strickland*.

Claim 4 further alleges ineffective assistance of appellate counsel for not raising the ineffectiveness of trial counsel on direct appeal. As shown in the rulings on Ollie's claims alleging ineffective assistance of trial counsel, Ollie's counsel was not ineffective during his trial. There was therefore no basis for appellate counsel to raise ineffective assistance of trial counsel on direct appeal.

**D.    Claims 5, 8, and 9 are Procedurally Defaulted due to Ollie's Failure to Raise them in his State Postconviction Petition.**

This Court is unable to consider Claims 5, 8, and 9 on the merits because they are procedurally defaulted.

Federal courts "may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule." *Davila v. Davis*, 582 U.S. 521, 527 (2017); 28 U.S.C. § 2254(b)(1)(A). The Illinois Appellate Court held that these claims were not included in Ollie's state postconviction petitions so could not be raised for the first time on appeal. *Ollie*, 2022 IL App (5th) 160282-U, ¶¶ 31, 42 (citing *People v. Jones*, 213 Ill. 2d 498, 505 (2004)); *Ollie*, 2022 IL App (5th) 170449-U, ¶ 21. Ollie has shown no cause why this Court should excuse his default; therefore, they will not be reviewed. *See Wainwright v. Sykes*, 433 U.S. 72, 84 (1977) (requiring state prisoner to show cause why the claim was defaulted and prejudice from the constitutional violation for a federal court to review the claim).

### E. Claim 10 is Denied on the Merits because the State Court decision was not Contrary to or an Unreasonable Application of *District of Columbia v. Heller* and *McDonald v. City of Chicago.*

Claim 10 alleges that the Supreme Court's decisions in *Heller* and *McDonald* regarding the use of firearms in self-defense require a re-examination of his conviction. The Illinois Appellate Court held that Ollie could not rely on these cases because they specifically exclude convicted felons from their holdings. *Ollie*, 2022 IL App (5th) 170449-U, ¶ 22. This decision was not contrary to the decisions in *Heller* and *McDonald*, both of which explicitly state that convicted felons do not have a federal constitutional right to keep and bear firearms. *District of Columbia v. Heller*, 554 U.S. 570, 626-27 (2008); *McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010).

CONCLUSION

For the reasons set forth above, Petitioner Robert L. Ollie, Jr.'s Petition for Habeas Relief Pursuant to 28 U.S.C. § 2254 (Doc. 13) is **DENIED** in its entirety. This action is **DISMISSED** with prejudice. The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close the case.

CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In order for a certificate of appealability to issue, a petitioner must show that "reasonable jurists" would find this Court's "assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Here, no reasonable jurist would find it debatable whether this Court's rulings were correct. Accordingly, the Court denies a certificate of appealability.

Ollie may reapply for a certificate of appealability to the United States Court of Appeals for the Seventh Circuit. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(1).

**IT IS SO ORDERED.**

**DATED: May 2, 2024**

s/ *Stephen P. McGlynn*
STEPHEN P. McGLYNN
U.S. District Judge